IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-237-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| MATTHEW LEE LEAK, | ) | |
| | ) | |
| Defendant. | ) | |

On December 3, 2013, pursuant to a written plea agreement, Matthew Lee Leak ("Leak") pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base (crack) and aiding and abetting. See [D.E. 117, 119]. On July 16, 2014, the court held Leak's sentencing hearing. At the hearing, the court adopted the facts set forth in the Presentence Investigation Report ("PSR") [D.E. 239]. See [D.E. 282]; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Leak's total offense level to be 33, his criminal history category to be V, and his advisory guideline range to be 210 to 262 months' imprisonment. See [D.E. 287] 1. After granting the government's motion under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1 and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Leak to 156 months' imprisonment and four years' supervised release. See [D.E. 286].

On February 9, 2015, Leak filed a pro se motion for a sentence reduction [D.E. 378]. On March 30, 2015, Leak supplemented his motion [D.E. 384]. On December 15, 2015, through counsel, Leak moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10, and Amendment 782 to the Sentencing Guidelines [D.E. 402]. On December 28, 2015, the government responded [D.E. 404]. On February 16, 2016, Leak filed documents in support of his motion [D.E.

411]. On May 18, 2017, Leak filed a supplemental pro se motion for a sentence reduction. See [D.E. 441] 1–3; [D.E. 441-1].

Leak's new advisory guideline range under Amendment 782 is 168 to 210 months' imprisonment, based on a total offense level of 31 and a criminal history category of V. See Resentencing Report. Leak requests a 124-month sentence. See [D.E. 402]; see also [D.E. 404] 2.

The court has discretion to reduce Leak's sentence under Amendment 782. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Peters, 843 F.3d 572, 574 (4th Cir. 2016); United States v. Patterson, No. 16-6867, 2016 WL 6958628, at *1 (4th Cir. Nov. 29, 2016) (per curiam) (unpublished); United States v. Cole, 618 F. App'x 178, 178–79 (4th Cir. 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Mann, 709 F.3d 301, 306–07 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Leak's sentence, the court finds that Leak engaged in serious, violent criminal behavior. See PSR ¶¶ 1–27. Moreover, Leak is a recidivist, with convictions for carrying a concealed weapon, assault on a female, resisting a public officer, fleeing and eluding arrest with a motor vehicle, assault with a deadly weapon, assault by strangulation, and assault by inflicting serious injury. See id. ¶¶ 32–40. Leak also has a history of serious substance abuse, has performed poorly on supervision, and has a spotty work history. See id. ¶¶ 32, 34, 37, 40, 52, 55–60. Finally, Leak has taken some positive steps while incarcerated on his federal sentence. See, e.g., [D.E. 441, 441-1]; Resentencing Report; cf. Pepper v. United States, 562 U.S. 476, 491 (2011).

Having reviewed the entire record and all relevant policy statements, the court finds that Leak received the sentence that was "sufficient, but not greater than necessary" under 18 U.S.C. § 3553(a).

Further reducing Leak's sentence would threaten public safety in light of his serious criminal conduct and criminal history. Cf. U.S.S.G. § 1B1.10, cmt. n.1(B)(ii). Thus, the court denies Leak's motions for reduction of sentence under Amendment 782. See, e.g., Patterson, 2016 WL 6958628, at *1–2; Cole, 618 F. App'x at 178–79; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

In sum, the court DENIES Leak's motions for reduction of sentence [D.E. 378, 384, 402, 441].

SO ORDERED. This 5 day of July 2017.

JAMES C. DEVER III
Chief United States District Judge

3