| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| MATTHEW LEE LEAK, | ) |
| | ) |
| Defendant. | ) |

On June 14, 2021, Matthew Lee Leak ("Leak" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 559].[1] On June 15, 2021, the court appointed counsel for Leak pursuant to standing order 19-SO-3 [D.E. 560]. On March 2, 2022, Leak, through counsel, filed a memorandum in support [D.E. 579]. On April 19, 2022, the government responded in opposition [D.E. 588]. As explained below, the court denies Leak's motion.

I.

On December 3, 2013, pursuant to a written plea agreement, Leak pleaded guilty to

---

[1] On June 14, 2021, Leak also moved for a sentence reduction under Amendment 782 to the Sentencing Guidelines. See [D.E. 559-1] 7. Leak has previously moved the court for a sentence reduction and been denied. On December 15, 2015, Leak, through counsel, moved for a sentence reduction under Amendment 782. See [D.E. 402]. On July 5, 2017, the court denied his motion. See [D.E. 449]. On July 20, 2020, Leak moved for reconsideration [D.E. 541]. On August 4, 2020, the court denied Leak's motion as meritless. See [D.E. 542]. The court has considered Leak's current motion for a sentence reduction and the entire record [D.E. 559, 559-1]. The court denies the motion as meritless.

possession with intent to distribute 28 grams or more of cocaine base ("crack") and aiding and abetting. See [D.E. 117, 119]. On July 16, 2014, the court held Leak's sentencing hearing and adopted the facts set forth in the revised Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); PSR [D.E. 239]; [D.E. 282]. The court calculated Leak's total offense level to be 33, his criminal history category to be V, and his advisory guideline range to be 210 to 262 months' imprisonment. See PSR ¶¶ 75, 77. After granting the government's downward departure motion and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Leak to 156 months' imprisonment. See [D.E. 282, 286]. Leak appealed. See [D.E. 295]. On September 23, 2014, the United States Court of Appeals for the Fourth Circuit dismissed Leak's appeal. See [D.E. 327].

On June 14, 2021, Leak moved for compassionate release. See [D.E. 559]. The government opposes the motion. See [D.E. 588].

II.

Under 18 U.S.C. § 3582(c)(1)(A), a court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir.) (per curiam), cert. denied, 142 S. Ct. 383 (2021); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

2

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13 cmt. n.3; McCoy, 981 F.3d at 286 n.9.

No Sentencing Commission policy statement currently applies to a defendant's compassionate release motion. See Hargrove, 30 F.4th at 194; High, 997 F.3d at 186; Kibble, 992

3

F.3d at 330–31; McCoy, 981 F.3d at 281–82. U.S.S.G. § 1B1.13 is a policy statement that applies to compassionate release motions filed by the BOP Director. Nonetheless, section 1B1.13 "remains helpful guidance even when motions are filed by defendants." McCoy, 981 F.3d at 282 n.7; see Hargrove, 30 F.4th at 194. Application Note 1 of U.S.S.G. § 1B1.13 lists several extraordinary and compelling circumstances, including (A) a defendant's serious medical condition, (B) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her sentence, (C) certain family circumstances in which a defendant's minor children or incapacitated spouse or registered partner would otherwise have no caregiver, or (D) any other extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1(A). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant" a sentence reduction. Id. § 1B1.13 cmt. n.2.

On April 15, 2021, Leak applied to his warden for compassionate release. See [D.E. 559-2]. On May 21, 2021, the warden denied the request. See [D.E. 559-3]. The government has not invoked section 3582(c)(1)(A)'s exhaustion requirements. See [D.E. 588]. Therefore, the court addresses Leak's motion on the merits. See Muhammad, 16 F.4th at 130.

Leak seeks compassionate release pursuant to section 3582(c)(1)(A) and cites the COVID-19 pandemic, his medical conditions (obesity, diabetes, and hypertension), his rehabilitation efforts, his release plan, and the length of his sentence. See [D.E. 559]; [D.E. 559-1] 4–7; [D.E. 559-2]; [D.E. 579] 3–10.

As for the "medical condition of the defendant" policy statement, the policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt.

4

n.1(A)(ii). Leak is obese and has diabetes and hypertension and argues his medical conditions put him at heightened risk of serious infection from COVID-19. See [D.E. 559-1] 4–5; [D.E. 559-2] 1–2; [D.E. 579] 4–8. Other than the risk from COVID-19, Leak does not argue that the BOP is not providing needed treatment for his medical conditions or that he is unable to manage his medical conditions while incarcerated. See [D.E. 559-1, 579, 579-1]. Leak has received two doses of the Pfizer COVID-19 vaccine and one dose of the Pfizer booster. See [D.E.588-1]. The vaccine provides protection. See, e.g., United States v. Jacques, No. 20-3276, 2022 WL 894695, at *2 (2d Cir. Mar. 28, 2022) (unpublished); United States v. Scalea, No. 21-2631, 2022 WL 795425, at *1 (3d Cir. Mar. 15, 2022) (unpublished) (noting that although "vaccination does not rule out reinfection . . . this does not diminish that vaccination mitigates the risk of COVID-19 complications"); United States v. Shettler, No. 21-10484, 2022 WL 620311, at *4 (11th Cir. Mar. 3, 2022) (per curiam) (unpublished); United States v. Ibarra, No. 21-10255, 2022 WL 229198, at *1 (9th Cir. Jan. 25, 2022) (unpublished); United States v. Lemons, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); United States v. Hald, 8 F.4th 932, 936 n.2 (10th Cir. 2021) (noting "there is certainly room for doubt" that being fully vaccinated or being offered a vaccine "would support a finding of 'extraordinary and compelling reasons'" justifying compassionate release), cert. denied, 142 S. Ct. 2742 (2022); United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); United States v. Baeza-Vargas, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases showing the "growing consensus" of

5

district courts that have ruled that an inmate receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); cf. United States v. Petway, No. 21-6488, 2022 WL 168577, at *2 (4th Cir. Jan. 19, 2022) (per curiam) (unpublished). And the wide availability of COVID-19 vaccines greatly diminishes the risk to Leak from COVID-19 whether he is in prison or not. See, e.g., Scalea, 2022 WL 795425, at *1; Ibarra, 2022 WL 229198, at *1; Lemons, 15 F.4th at 751; Hald, 8 F.4th at 936 n.2; Broadfield, 5 F.4th at 803; Baeza-Vargas, 532 F. Supp. 3d at 843–46. Therefore, reducing Leak's sentence because of his risk factors and the general risk of COVID-19 in the prison environment does not comport with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Leak's medical conditions, his rehabilitation efforts, his release plan, and the length of his sentence are compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). However, the section 3553(a) factors counsel against reducing Leak's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Leak is 40 years old and is incarcerated for possession with intent to distribute 28 grams or more of cocaine base ("crack") and aiding and abetting. See PSR ¶ 1. Leak distributed 260.7 grams of crack cocaine, 1.9 grams of cocaine, and an unspecified quantity of marijuana. See id. ¶ 27. Leak also participated in two violent kidnappings and one violent assault. See id. ¶¶ 13, 16, 17, 26. Leak's criminal history includes repeated serious and violent drug and weapons offenses. See id.

6

¶¶ 31–40. Before this federal conviction, Leak received convictions for carrying a concealed weapon, assault on a female, resisting a public officer, fleeing and eluding arrest with a motor vehicle, assault with a deadly weapon, assault by strangulation, and assault by inflicting serious injury. See id. ¶¶ 32, 35–38, 40. Leak also has a poor record on supervision, having violated probation and had his probation revoked. See id. ¶¶ 32–35, 37, 40.

Leak has made some positive efforts while federally incarcerated. Leak has taken courses on business and real estate, among other topics. See [D.E. 559-2] 3. He also has not incurred infractions while federally incarcerated. See id. at 2.

The court must balance Leak's positive efforts while federally incarcerated with his serious and violent criminal conduct, his serious and violent criminal history, his history of poor performance on probation, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. Cf. Concepcion v. United States, 142 S. Ct. 2389, 2403–04 (2022); Pepper, 562 U.S. at 480–81; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. The court also has considered Leak's potential exposure to COVID-19, his medical conditions, his rehabilitative efforts, his release plan, and the length of his sentence. Leak has a release plan that includes living with family members in North Carolina and returning to employment as a forklift operator. See [D.E. 559-2] 3; [D.E. 579] 9. Having considered the entire record, the extensive steps that the BOP has taken to address COVID-19, the section 3553(a) factors, Leak's arguments, the government's persuasive response, the need to punish Leak for his extraordinarily serious criminal behavior, to incapacitate Leak, to promote respect for the law, to deter others, and to protect society, the court denies Leak's motion for compassionate release. See, e.g., Concepcion, 142 S. Ct. at 2403–04; Chavez-Meza, 138 S. Ct. at 1966–68; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v.

7

Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

### III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 559].

SO ORDERED. This 22 day of September, 2022.

                                                     JAMES C. DEVER III
                                                     United States District Judge